[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13050
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cr-00044-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO VASQUEZ-AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 5, 2018)

Before MARCUS, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Pablo Vasquez-Aguilar appeals his 30-month sentence for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b).  He argues that his sentence was substantively unreasonable because the district court did not consider his history, characteristics, and low risk of recidivism.  After careful consideration of the parties' briefs and the record, we affirm.

We review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  Vasquez-Aguilar has the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Here, the district court did not err.  It considered the § 3553(a) factors, including Vasquez-Aguilar's personal history and criminal history.  His criminal history included a 1997 conviction for felony possession of marijuana.  Based on his total offense level and criminal history category, the guideline range was 30 to 37 months of imprisonment.  And because the district court found it significant that Vasquez-Aguilar was seventeen at the time he committed the marijuana offense, the court sentenced him to 30 months.  Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such

2

a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  The refusal to grant a downward variance does not demonstrate that the district court failed to afford consideration to mitigating factors.  *United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012) (per curiam).  The district court did not abuse its discretion when it sentenced Vasquez-Aguilar to the bottom of the guideline range.

**AFFIRMED.**